## WADDLE et al. v. STAFFORD.

No. 13588—Opinion Filed March 11, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Appeal and Error—Questions of Fact —Verdict.**

Where an examination of the record presented on appeal shows that there was any competent evidence submitted in the trial of the cause, reasonably tending to support the verdict of the jury, the verdict and judgment based thereon will not be disturbed on appeal because of insufficiency of the evidence.

**2. Master and Servant—Liability of Parent for Daughter's Negligent Driving.**

Where an individual who has possession and control of an automobile permits his daughter, who has little or no experience in driving automobiles, to drive it upon the streets of a town, and injury results because of inexperience of the driver of such automobile, the individual having possession and control of the automobile is properly held liable for the injury.

**3. Appeal and Error—Questions of Fact— Verdict—Contributory Negligence.**

The law of Oklahoma makes the question of the contributory negligence of the complaining party in personal injury cases one of fact for the jury and where the question has been properly submitted to the jury by the instructions, and the finding and verdict are in favor of the complaining party, the appellate court is not at liberty to disturb the finding and verdict, but is bound thereby.

**4. Same—Scope of Review—Instructions.**

Upon appeal in personal injury cases, the only matter for review upon the question of the contributory negligence of the complaining party, is whether or not the question was properly submitted to the jury by the instructions of the trial court.

**5. Judgment Sustained.**

Record examined, and held, that there is competent evidence reasonably tending to support the verdict for plaintiff; that there is no error shown in the record requiring a reversal of the judgment; and that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by C. H. Stafford against B. L. Waddle and Muffit Waddle, for personal injury occasioned by striking the plaintiff with an automobile. Judgment for plaintiff, and defendants appeal. Affirmed.

W. L. Coffey, Ben C. Axley, and Joseph Gill, for plaintiffs in error.

T. L. Brown and Luther James, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error will be referred to as defendants, and the defendant in error as plaintiff, as they appeared in the trial court.

The plaintiff commenced this action against the defendants on the 13th of September, 1920. He alleges in his petition, in effect, that the defendant Muffit Waddle carelessly and negligently struck him with her car while driving on the streets of Sand Springs; that he was thereby knocked down and greatly bruised and injured; that the automobile was in the possession and under the control of B. L. Waddle, and that it was being driven by Muffit Waddle with his consent and permission. Damages are alleged at $11,000.

The defendants filed demurrer which was overruled. Thereafter they filed separate answers in effect general denials, except that defendant Muffit Waddle answered by a plea of contributory negligence, to which

plaintiff filed reply. Later on, and before the trial, the plaintiff filed an amendment to his petition in which he charged that the brakes on the car were so defective that they would not stop the car when applied, and that Muffit Waddle was a careless and inexperienced driver.

The cause was tried to a jury on the 3rd of January, 1922, resulting in a verdict and judgment for the plaintiff in the sum of $500. The defendants prosecute appeal and argue their assignments of error under four subdivisions:

"1. That the evidence failed to show that the proximate cause of the injury was the negligence of the defendant.

"2. That there was no evidence to show that B. L. Waddle had possession or control of the automobile such as would render him liable for the injury.

"3. That there was no evidence to show that defendant B. L. Waddle authorized or even knew that his codefendant was driving the car.

"4. That the evidence clearly showed that plaintiff was guilty of contributory negligence."

1. The testimony tended to show that the defendant Muffit Waddle was driving alone in the car on the streets of Sand Springs; that she was inexperienced and just learning to drive, and that the brakes on the car were defective and would not stop the car when applied; that she attempted to park the car in front of the plaintiff's place of business, and that plaintiff was standing in the street a few feet from the curbing with his back to the street beside another car, talking to some one, and the driver did not or could not see the plaintiff until she had started into the parking place and when she was within a few feet of him; and was driving the car so fast she could not stop and struck plaintiff and bruised him considerably, and the front end of the car went up over the curbing on to the sidewalk. That no signals were given by the driver of the car and the plaintiff did not even know that the car was coming until it struck him. There was abundance of evidence to warrant the jury in concluding that the car was being driven in a careless and negligent manner. When the driver of a car drives into a parking place at such a rate of speed that the car cannot be stopped at the curbing, a jury might very well conclude that there was negligence in operating the car. The question of the driver's negligence was submitted to the jury and they found against the driver, and there being evidence reasonably tending to support their conclusion, the verdict should

not be disturbed by this court. The often repeated rule of law that where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal, has application to the question here presented.

2, 3. The evidence tended to show that the defendant B. L. Waddle had the car in his possession and control; that the defendant Muffit Waddle was his daughter; that the car was usually kept in a garage and was often taken out and driven by one of the witnesses; that defendant Waddle knew that the brakes on the car were defective; that he permitted the defendant Muffit Waddle and another party to take the car out for the purpose of teaching her to drive, and that on the evening of the accident the witness had been driving the car, stopped and got out in front of or near where B. L. Waddle lived, and his daughter got in the car and drove away, and the accident happened shortly afterwards. There is evidence reasonably tending to support the conclusion that Miss Waddle was an inexperienced driver and was driving the car with the knowledge and consent of her father; and that the brakes on the car were so defective that they would not stop the car, and that the defendant B. L. Waddle was not ignorant of that fact.

In Gardiner v. Solomon, 200 Ala. 115, 75 South. 621, it was held:

"While automobiles are not regarded as inherently dangerous instrumentalities, yet, if mother intrusts her automobile to her son, though not an agent or servant, who was so incompetent as to convert it into a dangerous instrumentality, causing death of plaintiff's intestate, she was liable, if incompetency was known when she permitted the use."

In Rocca v. Steinmetz (Cal.) 14 Pac. 257, it was said:

"The owner of an automobile, who permits his son to use the car with knowledge that the son is a reckless driver, is liable for damage caused by son in driving the car, being negligent in permitting a reckless driver to use his automobile."

In Raub v. Donn, 254 Pa. 203, 98 Atl. 861, the Pennsylvania Supreme Court held it not error to instruct the jury as follows:

"It is the duty of a man to see that his automobile is not run by a careless reckless person, but that it is in the hands of a skillful and competent person."

We think the law declared in those cases is applicable in this case. There was sufficient in the evidence to warrant the trial court in submitting the question of the liability of B. L. Waddle to the jury; and

the verdict of the jury was a finding against him; and there being evidence to support the finding, it should not be disturbed on appeal.

4. The question of plaintiff's contributory negligence was properly submitted to the jury. Since the law of our state makes the question of plaintiff's contributory negligence one of fact for the jury, and the jury having found for the plaintiff, settles the matter; and this court is not at liberty to disturb the finding.

We have examined all the assignments of error in connection with the record here presented, including the instructions given to the jury by the trial court. We conclude that the defendants were not denied any substantial right upon the trial. The questions of fact were properly submitted to the jury, and there being competent evidence in the record supporting the verdict for the plaintiff and the judgment rendered thereon, the judgment should not be disturbed here.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.