## REPCZYNSKI ET UX. v. MIKULAK.

[No. 12,737. Filed July 1, 1927. Rehearing denied October 7, 1927. Transfer denied December 15, 1931.]

*George A. Shock* and *Walter R. Arnold,* for appellants.

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl* and *George W. Omacht,* for appellee.

*Kane, Blain & Hollowell, Amici Curiae,* on behalf of appellants.

REMY, J.—Action by Walter Mikulak, by his next friend, against Gustav Repczynski and Antoinette Repczynski to recover for personal injuries sustained by appellee as a result of being struck by an automobile which was being operated by Stanley Repczynski, the minor son of appellants. Complaint was answered by denial. Trial resulted in a verdict and judgment for appellee. Separate motions for appellants for a new trial having been overruled, this appeal is prosecuted.

It appears from the evidence that Stanley, the 15-

year-old son of appellants, was, with his parents' permission, accustomed to operate the Repczynski family automobile upon the streets of South Bend, and that, on August 28, 1925, while driving said car for his mother, and for her health and pleasure, the machine was caused to run over and seriously injure appellee, who, at the time, was a child of 11 years.

The important question presented by this appeal is the alleged error of the trial court in giving to the jury the following instruction:

"Since March 14, 1925, it has been a criminal offense under our statutes for a person under the age of seventeen years to drive or operate a motor vehicle on the highways of this state. I charge you, therefore, that if Stanley Repczynski operated an automobile upon the public highways of the state of Indiana while he was under the age of seventeen years, he, the said Stanley Repczynski was guilty of negligence. I further charge you that if the defendants, the parents of said Stanley Repczynski, having the care, custody and control of the said Stanley Repczynski, had knowledge of such negligent acts of the said Stanley Repczynski and countenanced his driving an automobile, then the said defendants were guilty of negligence in permitting the said Stanley Repczynski to drive said automobile on the day plaintiff sustained his injuries, and if you find that the negligence of said defendants was the proximate cause of the injuries to the plaintiff, the plaintiff exercising at the time such care as he was capable of, then your finding should be for the plaintiff."

The statute of this state regulating motor vehicles, §10125 Burns 1926 (Acts 1925 p. 570, §24), provides that: "No person under the age of seventeen years shall drive or operate a motor vehicle on the highways of this state; Provided, however, that the Secretary of State may issue a permit to any person

who is not less than sixteen years of age, upon receipt of an application for such a permit, and upon showing, on the part of the applicant, that the issuance of such permit is a necessity." The penalty for violation is fixed at a fine of from $25 to $500, to which may be added imprisonment for a term not exceeding one year. The legislatures of some states have authorized minors to operate motor vehicles if the minor is at the time accompanied by an adult; but it is to be observed that the statute of this state makes it unlawful for any person under 17 years of age to operate a motor vehicle, whether accompanied by an adult or not, except that, upon a showing of necessity, a license may be issued to a minor who is 16 years of age. The statute was enacted for the protection of the public, and it is well established that the violation of such a statute is negligence *per se*.

It is conceded by appellants that the operation of the automobile by their son, who was, at the time, but 15 years of age, was in violation of the statute, but it is contended with much earnestness that, under the facts of this case, there is no liability on their part, and that the giving of the instruction was error, for which the judgment must be reversed, the contention being that, even if the act of their son in driving the automobile was negligent and was a criminal offense, there was no evidence tending to show that the son was acting as their agent or servant, and, in the absence of such showing, they cannot be held liable. Especially is it claimed that there is no evidence that the boy was acting as agent of his father. On the other hand, it is insisted by appellee that the instruction correctly states the law, the contention being that it is not material whether the boy was the agent of his parents or either of them; that, since the boy was under the custody and control of appellants, his parents, they were liable because of their own negligence

in consenting to the operation of the machine by the boy in violation of the statute.

The exact question has been before the courts of some other jurisdictions. In the case of *Schultz* v. *Morrison* (1915), 91 Misc. Rep. 248, 154 N. Y. Supp. 257, it was held that a parent would be liable for an injury resulting from the negligent operation of the parent's automobile by his 16-year-old son, where the parent permitted the boy to operate the car in violation of a statute providing that no person should operate a motor vehicle who is under the age of 18 years, unless the person is accompanied by a licensed chauffeur or by the owner of the car being operated. In the course of its opinion, the court said: "Notwithstanding the provisions of this section, the defendant permitted his son to operate his machine. The object and purpose of the statute is to promote the safety of those traveling the public highways. While a motor vehicle is not, in and of itself, to be deemed a dangerous machine, nevertheless it becomes such in the hands of a careless and inexperienced person. The statute has, in effect, so declared when it forbids its operation by persons under the age of eighteen. It, in substance, declares that such persons do not possess the requisite care and judgment to run motor vehicles on the public highways without endangering the lives and limbs of others. While the relation of parent and child does not render the parent liable for the torts of the child, nevertheless a parent may become liable for an injury caused by the child 'where the parent's negligence made it possible for the child to cause the injury complained of and probable that the child would do so; this liability is based upon the rules of negligence rather than the relation of parent and child.' . . . In the disposition of this case, . . . the court left it to the jury to determine whether, in view of the provisions of the statute prohib-

iting persons under eighteen to operate motor vehicles, the defendant was chargeable with negligence in permitting his son to run the car on the day in question when the accident complained of happened. In these instructions, we believe the court was clearly within well recognized principles of law. When the defendant permitted one of his own family, whose acts he had the right and authority to control, to operate his car, he became a party to the violation of the statute, and should be held responsible for the consequences which followed." In *Hopkins* v. *Droppers* (1924), 184 Wis. 400, 198 N. W. 738, 36 A. L. R. 1156, a case like the one at bar, except that the boy was operating a motorcycle instead of an automobile, and except that the Wisconsin statute prohibits the operation of a motor vehicle by a child only when unaccompanied by an adult, the Supreme Court of Wisconsin, in holding the parent liable, uses the following language: "The statute amounts to a legislative declaration that a minor under sixteen is unfit to drive motor machines on the public streets unless accompanied by an adult, and a violation of the statute is negligence. When the father authorized this violation of law he failed in that duty which every good citizen owes to the public. He failed to observe for the safety of other persons that degree of care which the circumstances justly demanded. Although the motorcycle was not in itself a dangerous instrumentality, it was a machine of such a nature that when negligently driven it might menace the safety of other persons. This is a well known fact and one which in the exercise of ordinary care the father could reasonably anticipate." Another well-considered case exactly in point is *Rush* v. *McDonnell* (1925), 214 Ala. 47, 106 So. 175. See, also, *Epperson* v. *Rostatter* (1929), 90 Ind. App. 8, 168 N. E. 126; *Hains* v. *Railway Co.* (1915), 75 W. Va. 613; *Taylor* v. *Stewart* (1916), 172 N. C. 203, 90 S. E. 134; *Raub* v.

*Donn* (1916), 254 Pa. 203, 98 Atl. 861; *Waddle* v. *Stafford* (1924), 104 Okla. 192, 230 Pac. 855; *Rocca* v. *Steinmetz* (1923), 61 Cal. App. 102, 214 Pac. 257; *Anderson* v. *Daniels* (1924), 136 Miss. 456, 101 So. 498. Although the question in the form it comes to us in this case has not previously been considered by the courts of appeal of Indiana, the principle underlying the decisions in the above cases from other jurisdictions has been approved and applied by this court. *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N. E. 719. In harmony with these authorities, we hold that if a minor child, with the knowledge and consent of its parents with whom it resides, operates habitually, on the streets of a city, in violation of a statute, an automobile which is in general use by the family, the parents become liable for the injuries caused by the negligence of the child. The liability rests, not upon the relation of parent and child, but upon the negligence of the parents which makes it possible for the child to cause the injury. It follows that the court did not err in giving the instruction of which complaint is made.

On the trial, the defendants sought to prove that the automobile was not the property of Gustav Repczynski, but was the property of his wife, and Antoinette Repczynski, the wife, as a witness for defendants, so testified. For the purpose of impeaching Antoinette, plaintiff offered, and the court admitted in evidence over defendants' objection, a tax assessment list of personal property, sworn to by the witness, in which she stated that the automobile was the property of her husband. It is urged by appellants that the admission of the assessment list was error. The only objection to the admission of the document was that there was no showing that Gustav Repczynski had any knowledge of the tax list at the time it was made out. The

document not having been offered as evidence to prove the ownership of the automobile, but to impeach the witness, the court did not err in overruling the objection and admitting it in evidence. In no event, however, could appellants or either of them have been harmed by the admission of the evidence, for, under the circumstances of this case, it would make no difference which parent owned the car.

We find no reversible error.

Affirmed.