KISTE *v*. RED CAB, INC.

[No. 18,256. Filed June 5, 1952. Rehearing denied July 23, 1952. Transfer denied October 6, 1952.]

*Wilson S. Daily* and *John H. Daily*, both of Indianapolis, for appellant.

*John K. Ruckelshaus; John C. O'Connor;* and *Ruckelshaus, Reilly, Rhetts & O'Connor*, all of Indianapolis, for appellee.

ACHOR, C. J.—This is an action for damages allegedly resulting from a collision between appellant's automobile and a taxicab owned by appellees.

Appellant charged that prior to the collision, the appellee, through one of its drivers, left said taxicab standing unattended on a public street in the City of Indianapolis without first stopping the engine, turning off the ignition or removing the key; that while said taxicab was so standing a person or persons unknown took said taxicab, and later on the same night while driving the same in a negligent manner, collided with plaintiff's automobile.

The appellee demurred to plaintiff's complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff refused to plead further and

thereupon judgment was entered for the defendant. The error assigned is the sustaining of the demurrer.

The action is grounded upon §47-2124, Burns' 1952 Replacement (Acts of 1939, ch. 48, §110, p. 289) of the Uniform Act Regulating Traffic on Highways, as follows: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade, without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

The legal proposition which the court is required to determine, is whether the owner of an automobile which was parked unattended on the street with the motor running, the ignition unlocked and the key in the switch, in violation of the above statute, is liable for injuries caused by a thief who steals and is driving said automobile in a negligent manner. Neither the Supreme nor Appellate Courts of this state have heretofore been called upon to construe the above statute as applicable to the facts before us.

Among the jurisdictions having statutes similar to our own, diametrically opposite results have been reached in the reported decisions. Perhaps the leading case in which recovery was allowed under similar circumstances is that of *Ross* v. *Hartman* (1943), 78 U. S. App. D. C. 217, 218, 139 F. 2d 14. Also the same result was reached in the case of *Ostergard* v. *Frisch* (1948), 333 Ill. App. 359, 368, 77 N. E. 2d 537.

However, a directly opposite result has been reached in the states of Massachusetts and Minnesota. Moreover, in a recent decision, the Appellate Court of Illinois, Third District, in the case of *Cockrell* v. *Sullivan* (1951), 344 Ill. 620, 101 N. E. 2d 878, upon reexamina-

tion of the legal principles involved in the light of later decisions in other jurisdictions, adopted the reasoning and conclusions of the *dissenting opinion* in the Ostergard case, *supra,* as previously decided by the Appellate Court of the First District of that state.

Because of the direct conflict in these cases, extensive consideration is given in this opinion to the reasoning of the respective courts. In the case of *Ross* v. *Hartman, supra,* at page 218, the court said:

> ". . . The evident purpose of requiring motor vehicles to be locked is not to prevent theft for the sake of owners or the police, but to promote the safety of the public in the streets. An unlocked motor vehicle creates little more risk of theft than an unlocked bicycle, or for that matter an unlocked house, but it creates much more risk that meddling by children, thieves, or others will result in injuries to the public. The ordinance is intended to prevent such consequences. Since it is a safety measure, its violation was negligence. This negligence created the hazard and thereby brought about the harm which the ordinance was intended to prevent. It was therefore a legal or 'proximate' cause of the harm. . . ."

The same conclusion was reached by the Illinois Appellate Court, First District, in the case of *Ostergard* v. *Frisch, supra.* In that case the court stated at p. 368:

> ". . . There is imposed upon the owner of the car a duty to reasonably foresee the consequence of his negligence, that being one of the tests of proximate cause. He should not be permitted to say that he could not reasonably foresee that by leaving the key in the ignition, one might tamper with or steal the car and become reckless in its operation, causing damage. Certainly the provision of the statute was not to protect the owner of the car against theft but was a safety measure intended to protect the public. . . . He is required by all rules of common sense and reason to know that a thief, in his effort to escape from the scene

of the theft, may have no greater regard for traffic lights or traffic regulations than he had for the criminal statute making it a felony to steal the car. He must foresee that the thief who steals his car will not be concerned, when fleeing from the scene of the theft, about the rule of care and diligence in driving the car, which a driver is required under the law to exercise."

However, the Supreme Court of Massachusetts, after some vacillation, has, under recent decisions, denied liability under its statute where the intermeddler has been a thief. The most recent case in which liability was denied is *Galbraith* v. *Levin* (1948), 323 Mass. 255, 81 N. E. 2d 560. In that case, even though the Massachusetts statute required "locking (the vehicle) or making it fast," nevertheless the court, notwithstanding the violation of this statutory duty, and the fact that the thief was "in flight," held that "the conduct of the thief was an intervening cause which the defendants were not bound to anticipate and guard against."

The above case is grounded upon the earlier cases of *Slater* v. *T. C. Baker Co.* (1927), 261 Mass. 424, 158 N. E. 778, and *Sullivan* v. *Griffin* (1945), 318 Mass. 359, 361, 61 N. E. 2d 330. In the latter case the court stated:

". . . Nothing is added by the defendant's knowledge that thieves might take the automobile if left unlocked. Theft of the automobile was undoubtedly a consequence intended to be prevented by the statute if not by the traffic regulation. But it is quite another thing to say that the *injuries sustained* through the operation of the automobile by the thieves in the circumstances here disclosed were consequences intended to be prevented. . . ." (My emphasis.)

Likewise, in Minnesota, the court in the case of *Wannebo* v. *Gates* (1948), 227 Minn. 194, 201, 34

N. W. 2d 695, denied liability, although the court did state that: ". . . We are, of course, not suggesting what our holding might be if the accident had happened through the negligence of the thief while still in flight from the scene of the theft. . . ." However, within two years the court, when required to rule on the point, removed the "in flight" issue as a consideration and denied liability.

In the later case of *Anderson* v. *Theisen* (1950), 231 Minn. 369, 371, 43 N. W. 2d 272, 273, the court said:

> " '. . . Plaintiff contends that the theft and flight were foreseeable and that, in addition, it could be anticipated that nervousness or fear of apprehension on the part of the thieves would cause them to drive carelessly and negligently. . . . It is one thing to say that the ordinance is designed to prevent thefts and quite another to say that it is aimed at preventing negligent driving from the scene of the theft. . . . But for the purpose of this case only, assuming that the violation of the ordinance was negligence, we are of the opinion that the *negligent driving of the thieves* was the proximate cause of decedent's death and that the negligence of defendant, if any, was too remote in the eyes of the law to be regarded as connected as cause therewith.' "

Significantly, the Appellate Court of Illinois, Third District, in the recent case of *Cockrell* v. *Sullivan,* *supra,* not only cited and quoted from the above cases of *Galbraith* v. *Levin, supra,* and *Anderson* v. *Theisen, supra,* with approval but specifically repudiated the reasoning of *Ostergard* v. *Frisch, supra,* and approved the *dissenting opinion* of that case, in which dissenting opinion the court stated at page 372:

> ". . . This is a traffic regulation, not an anti-theft measure, and is designed to reduce the likelihood of parked cars being set in motion without the intervention of a human agency, or by children

or other intermeddlers. The precautions required by the statute are those which in the absence of a statute the owner is required to take in the exercise of ordinary care when parking his car. They are reasonably effective in preventing the movement of the car from the place the owner had placed it. They are of little effect in reducing automobile thefts. The owner is not required to lock the doors or windows of the car, and the absence of the key in the ignition is only a momentary deterrent to the automobile thief working with the implements of his trade. . . ."

Furthermore, the court stated in the *Cockrell* v. *Sullivan* case, *supra,* in 101 N. E. 2d, at p. 879, in regard to the earlier Illinois case:

"The majority opinion in the Ostergard case contains this statement: 'He must foresee that the thief who steals his car will not be concerned, when fleeing from the scene of the theft, about the rule of care and diligence in driving the car, which a driver is required under the law to exercise.' This seems contrary to common experience as it would seem reasonable that a car thief, in order to avoid attracting attention and arrest, would be meticulous in observing traffic laws such as speeding, . . ."

In other words, the court rejected the "in flight" issue and confirmed the ancient Biblical proverb that generally "The wicked fleeth when no man pursueth."

We are urged to construe the statute and determine whether the legislative intent, as expressed in the act, was to prevent theft of automobiles and all harms ressulting therefrom or whether the intent was to define as *negligence per se* acts which were already recognized as negligence in the common law. The issue presents an interesting field for legal cogitation. However, a decision upon this issue is not required. The case can be decided upon the issue as to whether

"stopping the engine, locking the ignition and removing the key" was the proximate cause of the injury occasioned by the negligent operation of the vehicle by a thief. It is upon this latter issue that the cases have been most decisively adjudicated.

It has never been the law of this state that one who violates a statute or ordinance is responsible for all harm that follows such violation. The injuries resulting must have been foreseeable or probable as a consequence of such violation. In the case of *Wilcox* v. *Urschel* (1936), 101 Ind. App. 627, 631, 200 N. E. 465, this court in affirming the trial court's sustaining of the demurrer said:

> ". . . Where an injury is to some extent due to two distinct successive causes, unrelated in operation, and one of them is a prior, passive or remote cause, which does no more than furnish a condition or give rise to the occasion by which the injury was made possible, and the other cause is an active, direct, independent, effective and intervening cause, the law is well settled, that courts will, as a general rule, with but few exceptions, look only to the latter as the proximate cause and will disregard the former or remote cause. . . ."

Also, the rule is well established that proof of the violation of a safety statute does not in itself establish liability. As stated by the Supreme Court of this state:

> ". . . Quite often the cases in the discussion of statutory negligence have failed to distinguish between negligence which results from the breach of the duty, and actionable negligence which involves failure to perform an established duty which proximately causes injury to the plaintiff . . . if the act or omission in breach of the statutory duty does not proximately result in injury under the principles of causation, it is still not actionable negligence. *A violation of the statutory duty must be also a proximate cause of the injury to constitute* actionable negligence. *Prest-O-Lite Co.* v. *Skeel*

(1914), 182 Ind. 593, 106 N. E. 365, *supra; Beckstein* v. *Sayler, Admr.* (1932), 93 Ind. App. 686, 179 N. E. 581." (Our italics.)

*Northern Ind. Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 171, 172, 89 N. E. 2d 905 (superseding (App.), 82 N. E. 2d 279, 83 N. E. 2d 430).

Although the statute may define an act as negligence, it does not satisfy the requirement of proof that the particular act was the proximate cause of the injury.

In the absence of statutes or ordinances, it has been uniformly held that the owners of automobiles who left their cars standing unattended with keys in their ignition switches were not liable for subsequent injuries occasioned by the negligent operation of cars by thieves, the reason generally given being that the negligent operation of the thief was the proximate or intervening efficient cause of the injury. *Roberts* v. *Lundy* (1942), 301 Mich. 726, 4 N. W. 2d 74; *Lotito* v. *Kyriacus* (1947), 74 N. Y. S. 2d 599, 272 App. Div. 635; *Wilson* v. *Harrington* (1945), 56 N. Y. S. 2d 157, 269 App. Div. 891, (affirmed in 295 N. Y. 667, 65 N. E. 2d 101); *Walter* v. *Bond* (1943), 45 N. Y. S. 2d 378, 267 App. Div. 779; *Mann* v. *Parshall* (1930), 241 N. Y. S. 673, 229 App. Div. 366; *Midkiff* v. *Watkins* (1951), (La. App.) 52 So. 2d 573; *Castay* v. *Katz-Besthoff, Ltd.* (1933), (La. App.) 148 So. 76; *Rhad* v. *Duquesne-Light Co.* (1917), 255 Pa. 409, 100 Atl. 262; *Curtis* v. *Jacobson* (1947), 142 Me. 351, 54 A. 2d 520; *Saracco* v. *Lyttle* (1951), 11 N. J. Super. 254, 78 A. 2d 288; *Reti* v. *Vaniska, Inc.* (1951), 14 N. J. Super. 94, 81 A. 2d 377; *Wright* v. *Powers* (1931), 238 Ky. 572, 38 S. W. 2d 465.

Generally the same conclusion has been reached in the reported cases which have come to our attention in states having statutes on the subject similar to our

own. *Galbraith* v. *Levin, supra* (overruling *Malloy* v. *Newman* (1941), 310 Mass. 269, 37 N. E. 2d 1001) ; *Sullivan* v. *Griffin, supra; Slater* v. *Baker, supra; Falk* v. *Finkleman* (1929), 268 Mass. 524, 168 N. E. 89; *Anderson* v. *Theisen, supra; Wannebo* v. *Gates, supra; Kennedy* v. *Hedberg* (1924), 159 Minn. 76, 198 N. W. 302.

Only in the District of Columbia and the First District Appellate Court of Illinois, in the cases of *Ross* v. *Hartman, supra,* and *Ostergard* v. *Frisch, supra,* have the courts held that theft and the subsequent negligent operation of the automobile by the thief are the reasonably foreseeable risks of leaving a car standing unattended with the key in the ignition switch, which risks must be guarded against at the owner's peril.

It is our observation that in the absence of clear legislative declaration this result would not ordinarily be reached except where the surrounding circumstances clearly point to both a high probability of intervening crime, and of like pursuant negligent operation of the vehicle by the thief. We do not presume to affirm or deny that such circumstances are highly probable in the District of Columbia or the First District of the Appellate Court of Illinois. We do assert with some satisfaction that such circumstances are not reasonably forseeable in this jurisdiction.

Judgment is therefore affirmed.

NOTE.—Reported in 106 N. E. 2d 395.