SMITH *v.* THOMAS ET AL., ETC.

[No. 18,648.   Filed November 18, 1955.]

*John R. Claycombe* and *Stump & Emswiller,* both of Indianapolis, for appellant.

*Michael B. Reddington,* of Indianapolis, for appellees.

PFAFF, C. J.—Appellees Hubert R. Thomas and Dorothy S. Thomas, d/b/a Grassycreek Farms and Grassycreek Frozen Food Lockers, brought this action in the Municipal Court of Marion County, Room Two, to recover damages to their Ford truck resulting from an automobile collision at the intersection of 10th Street and Shadeland Drive, in the City of Indianapolis, Indiana, and a 1940 Pontiac coupe driven by the appellee, William T. McCurdy, the title of which automobile was registered with the Department of Motor Vehicles of the State of Indiana in the name of Donald L. Smith.

The issues were made by the appellant's answer to appellees' amended complaint.

Trial was had by the court resulting in a judgment

in favor of the appellees, Thomas and Thomas, in the sum of $500.00.

Error relied upon for reversal is the overruling of appellant's motion for a new trial, which is as follows:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

The evidence revealed that the appellant, Donald L. Smith, was the owner of a 1940 Pontiac coupe automobile. That he had advertised this automobile for sale in several newspapers in the City of Indianapolis and in response to this advertisement the appellee, McCurdy, contacted appellant regarding the purchase of the automobile and subsequently made arrangements to purchase it. On the day when payment was made the appellee, McCurdy, drove the automobile away from the appellant's home, with license plates attached thereto belonging to the appellant. Within a few days thereafter this accident occurred.

The complaint of appellees, Thomas and Thomas, was based upon the alleged negligence of the appellee, William T. McCurdy, and agency between McCurdy and the appellant, Donald L. Smith, in that McCurdy was acting as an agent of Smith in making final arrangements for the transfer of the title to said automobile.

In the judgment of the trial court there was a finding against the appellees, Thomas and Thomas, on the question of agency, but found that the appellant, Smith, had turned over a dangerous instrumentality, to-wit, the automobile registered and licensed in appellant's name, to an unqualified unlicensed, incompetent minor, the defendant, William T. McCurdy, and was responsible for the consequences thereof, and accordingly the court finds for the plaintiffs and against the defendants, William T. McCurdy and Donald L. Smith, and that

the allegations of plaintiffs' complaint are true with the exception of the fact of agency.

Appellant does not question the issue of negligence but confines his argument to the issue that the judgment was contrary to law and not sustained by sufficient evidence in holding that the appellant, Donald L. Smith, turned over a dangerous instrumentality to the defendant, McCurdy, since plaintiffs' amended complaint contained no such allegation.

The deputy sheriff investigating the accident testified:

"One of the automobiles was a 1940 Pontiac coupe which I found belonged to a fellow by the name of Don. Smith. I based my findings on the registration of the Pontiac's license plates."

There was evidence from the defendant, McCurdy, that he had advised the investigating officer "that he had just bought the car a few days before the accident, but he did not say from whom he purchased it" but had not had the title changed.

Appellant testified "My license plate AV-1486 was on the car at the time Mr. McCurdy took possession. At that time I did not go to any license branch or to the State House about transferring the title of the car to Mr. McCurdy. I did not see to it that the certificate of title was in his name on the official records before he started to drive the car. Over that week end the certificate of ownership was in my name and I knew that when Mr. McCurdy drove off with the car bearing my license plate he was operating the car under my certificate of title and my license plate. The certificate of title was made out to me and I endorsed my name only because he said he would endorse it in front of a notary public the following day. I did not appear before a notary public and I gave him the certificate of title at that time. I understood that he would take care of see-

ing to it that the certificate of title was properly notarized and the title to the car was properly transferred and I also gave him possession of the car at that time. I did not know how old Mr. McCurdy was at that time but I can tell by looking at him that he couldn't have been over 17 years old."

This question has been before the courts of some other jurisdictions and has been approved and applied by this court. "The defendant is presumed to know that the car could not have been lawfully operated without number plates. The fact that he furnished them is affirmative evidence that he knew they were required. If he had not furnished them it may fairly be assumed that the joint tort feasor would not have attempted to operate the car. From his act in lending them, it could have been found that he furnished means and facilities for the unlawful operation of the car and thereby aided and abetted in the creation of the nuisance; on such a finding he would be liable for the direct injury resulting therefrom." *McDonald* v. *Dundon* (1922), 242 Mass. 229, 136 N. E. 264, 26 A. L. R. 1243.

Appellant contends that since the theory of the complaint was agency and the trial court found in favor of the appellant on that issue; that since there was no issue of the automobile being a dangerous instrumentality is the same as error on the trial court.

The record in this case discloses that the appellee introduced evidence as hereinbefore set out that the appellant, knowing that he was not more than 17 years of age, turned this automobile over to him and permitted said appellee to use his license plates. It is further disclosed by the record that at the conclusion of said appellee's evidence, in ruling on the

motion of the appellant for a finding in his favor, the trial court indicated that he was of the opinion that there was no evidence to sustain the allegation of agency but that there was some evidence which might tend to show negligence. There appears no matter, motion or legal move of any kind or nature by either party in the complete record indicating that they had any objection, misunderstanding or question as to the issues and proof or the theory upon which the action was being tried. There appears no mention of any theory of the complaint, variance or failure of proof, from the beginning of the proceedings until the "argument" portion of appellant's brief.

Our examination of all the pleadings in the case, in connection with the evidence introduced thereunder, convinces us that the case was tried below on the theory that this evidence was within the issues tendered, and the decisions all agree that on appeal the parties will be held to the theory on which the case was tried. *Morgan* v. *Sparling* (1954), 124 Ind. App. 310, 115 N. E. 2d 514; *Weaver* v. *Brown et al.* (1912), 51 Ind. App. 379, 385, 99 N. E. 825, with cases cited.

The statute of this state applicable to the issue as found by the trial court is Sec. 47-2706, Burns' 1952 Replacement, Vol. 8, part 2, Subsections C, D, E, F, G, H.

According to Sec. 47-2904, Burns' 1952 Replacement, Vol. 8, part 2—

> "It shall be unlawful for any person having any vehicle in his custody to cause or knowingly permit any minor under the age of eighteen (18) years to drive such motor vehicle upon the public highways unless such minor shall have first obtained a license or permit as provided in this act."

The statute was enacted for the protection of the public, and it is well established that the violation of such a statute is negligence per se. *Repczynski et ux* v. *Mikulak* (1927), 93 Ind. App. 491, 157 N. E. 464 (transfer denied).

There was evidence that at the time of the transaction the appellant knew that McCurdy was under age and that he made no effort to get any guarantee from his employer that the employer would safeguard the operation of the car by McCurdy.

The appellee McCurdy was arrested by the investigating officer for failure to have an operator's license. To this charge and also to the charge of operating an automobile without proper registration a plea of guilty was entered and as a result of such plea the appellee, McCurdy, was fined in the Magistrate's Court.

It is well settled in this state that when a person turns over to an inexperienced person, which, under the evidence in this case the court had the right to infer that appellee, McCurdy, in view of his age and being without an operator's license, was inexperienced, it becomes a dangerous vehicle when placed in the hands of such inexperienced person. Our statute makes this so, especially where minors are involved, and, when a person permits such an operation, such person is deemed to be held responsible for whatever the consequences may be. "In harmony with these authorities, we hold that if a minor child, with the knowledge and consent of its parents with whom it resides, operates habitually, on the streets of a city, in violation of a statute, an automobile which is in general use by the family, the parents become liable for the injuries caused by the negligence of the child. *The liability rests, not upon the relation of parent and child, but upon the negligence of the parents which makes it possible for*

*the child to cause the injury.* (Our emphasis.) *Repczynski et ux* v. *Mikulak,* supra.

There is in our state a section of the statute, to-wit, Sec. 47-2501, Burns' 1952 Replacement, which makes it a violation of the law to permit operation of motor vehicles unless the owner has proper certificate of title therefor.

The evidence is uncontradicted in this case that appellant, Donald L. Smith, violated these statutes in their entireties. The license plate which had been duly issued to Donald L. Smith was for a Pontiac automobile, which was still attached thereto doubtless for the purpose of enabling William T. McCurdy to operate and transport the automobile. The evidence is replete and uncontradicted that McCurdy took possession of the Pontiac automobile and made no effort to secure a proper transfer of the title thereto to his name. It is the duty of the trial court to weigh the evidence, but the trial court may not refuse to consider and weigh competent, uncontradicted evidence, such a refusal by the trial court is not weighing the evidence but ignoring it. *Egbert* v. *Egbert et al.* (1948), 226 Ind. 346, 80 N. E. 2d 104.

We believe it to be sound law that where a person turns over an automobile to be driven on the public highways of this state to a person who is too young to obtain a driver's license with restrictions under the statutes of our state, he is liable for negligence in entrusting the operation of the automobile to such minor for any damages for injuries caused as a result of the negligence of the minor.

Under the facts as pleaded and the evidence as shown from the record undoubtedly the appellees were entitled to recover from the appellant, Donald L. Smith, and the amended complaint of appellees, Hubert R. Thomas and Dorothy S. Thomas, d/b/a Grassycreek Farms et al.

was deemed amended to conform to the evidence introduced.

Judgment affirmed; Crumpacker, J., dissents with opinion.

## DISSENTING OPINION

CRUMPACKER, J., Dissents.—The appellees, Thomas and Thomas, sued the appellant, Smith, on the theory that a truck belonging to them was damaged in a collision with an automobile belonging to the appellant and negligently operated by one William McCurdy, the appellant's agent then acting within the scope of his authority. The court found against said appellees on the issue of agency but entered a judgment in their favor on the theory that the appellant was negligent in knowingly placing a dangerous instrumentality in the hands and control of an incompetent operator and thereby became responsible for his negligence. Thus the judgment involved is entirely outside the issues joined by the pleadings.

We are confronted with a situation where the facts alleged in the complaint and the proof differ in their general scope, purpose and meaning. This results, according to the pertinent statute, Sec. 2-1065, Burns' 1946 Replacement, and the decisions of our courts construing it, in a failure of proof which is fatal, and not a mere variance which entitled the appellees to amend their complaint. *Chicago, etc., R. Co.* v. *Hostetter* (1908), 171 Ind. 465, 481, 84 N. E. 534; *Chicago, etc., R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 50, 142 N. E. 634, 143 N. E. 712; Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, §2061, Comment 2, and cases cited.

In the case of a mere variance, entitling the pleader to amend, the cause of action remains the same as originally alleged but is not proven precisely as laid. *Mount v. Board, etc.* (1907), 168 Ind. 661, 667, 80 N. E. 629. If we treat the present complaint amended to fit the theory adopted by the court as the basis of its decision, we completely abandon the cause of action pleaded and sanction recovery on a theory wholly outside the issues and concerning which essential facts were not originally alleged. No principle of pleading and practice seems more firmly established in this state than that to the effect that parties must recover upon the allegations of the pleadings. "They must recover *secundum allegata et probata,* or not at all. This is the only reasonable rule under our practice. It would be folly to require the plaintiff to state his cause of action in his complaint and the defendant disclose his defense in the answer, if, on the trial, either or both might abandon such allegations and recover upon other facts which are substantially different from those alleged." Lowe's Revision of Works Indiana Practice, Vol. 3, §47.2.

The majority opinion rejects these principles of pleading and practice as inapplicable and affirms on the theory that the record shows that the case was tried below upon the "dangerous instrumentality" theory and that upon appeal the parties will be held thereto. In my opinion the record shows no such thing. At the close of the appellees' case the appellant moved for a finding in his favor, contending there was no evidence tending to prove agency. Such motion does not indicate that the appellant had joined the appellees in submitting to the trial of an issue not pleaded. The motion was overruled by the court, however, because he thought he detected in the evidence some other theory upon which the appellant could be held. The trial proceeded and

at its close the appellees made no effort to amend their complaint to state a cause of action on the "dangerous instrumentality" theory. This, it seems to me, indicates their conclusion that the entire record establishes agency and their willingness to stand on that issue.

The majority apparently concludes that because of the court's remarks in ruling on the appellant's motion for a finding and the appellant's failure to object to certain evidence, recited in the opinion, he thereby forfeited his right to have the decision of the court adjudicate the issues pleaded. In that connection I quote from the opinion as follows: "Our examination of all the pleadings in the case, in connection with the evidence introduced thereunder, convinces us that the case was tried below on the theory that this evidence was within the issues tendered . . . ." The issue tendered was agency and if "this evidence" was competent to prove that issue I am at a loss to understand how the appellant could have waived anything by failing to object thereto or why such failure indicated his willingness to defend against a cause of action he was not brought into court to meet.

I would reverse the judgment and remand the cause for a new trial.

NOTE.—Reported in 130 N. E. 2d 85.