ALSPACH *v.* MCLAUGHLIN

[No. 968A157. Filed June 2, 1969. Rehearing denied July 2, 1969. Transfer denied October 24, 1969.]

*Marvin S. Crell,* of Fort Wayne, *Ned R. Carnall,* of Bluffton and *David Peebles,* of Fort Wayne, for appellant.

*Edris, Edris & Dale, John H. Edris, David C. Dale,* of Bluffton, for appellee.

LOUDERMILK, P.J.—Appellant, plaintiff below, brought this action against the appellee, defendant below, Larry McLaughlin, and Community State Bank of Huntington, Indiana, as Administrator of the estate of Charles Lawrence Quaderer, deceased, for damages for the wrongful death of appellant's sixteen year old son, Gerald Alspach. The second amended complaint alleged that on September 30, 1961, the minor son was a passenger in an automobile which was traveling in a northerly direction on Indiana State Highway Nos. 9 and 37 and which collided with a 1956 Buick automobile being driven in a southerly direction on said public highway by Charles Lawrence Quaderer; that the said Charles Lawrence Quaderer carelessly and negligently drove the same across the center line of the public highway and collided with the automobile in which plaintiff's decedent was a passenger, together with other specific allegations of his negligence, which collision resulted in the death of Gerald Alspach.

The complaint alleges further that on the night of September 20, 1961, the defendant, Larry McLaughlin, met Charles Lawrence Quaderer and another person and the three stopped at numerous taverns in and about the City of Huntington, Indiana, and while traveling from tavern to tavern said individuals rode in the Buick automobile owned by the defendant, Larry McLaughlin.

The complaint alleges further, in rhetorical paragraph 6, the following :

"6. That at approximately 10:15 P.M. on said date, the Defendant, LARRY McLAUGHLIN, was guilty of the following negligent and careless acts and omissions, to-wit: He loaned said Buick automobile to the said CHARLES LAWRENCE QUADERER by leaving said CHARLES LAWRENCE QUADERER in sole possession and occupancy of said automobile at a time when the said CHARLES LAWRENCE QUADERER was intoxicated and at a time when said automobile was in such condition that it could be started without a key and operated by the said CHARLES LAWRENCE QUADERER in his said intoxicated condition, contrary to the provisions of Burns' Indiana Statutes Sec. 47-2124, and at a time when said Defendant, LARRY McLAUGHLIN, knew, or should have known such facts and knew or should have known the fact that the said CHARLES LAWRENCE QUADERER could take said automobile in his intoxiated condition and cause damage to others on the public highways of the State of Indiana."

To appellant's second amended complaint the defendant, Larry McLaughlin, filed his demurrer, stating that the second amended complaint does not state facts sufficient to constitute a cause of action against the defendant, together with his memorandum, which reads as follows:

"MEMORANDUM"

"The Plaintiff's Second Amended Complaint fails to contain any allegations whatsoever of the violation of any duty owed by the Defendant Larry McLaughlin, to the Plaintiff or the Plaintiff's decedent. Furthermore, no facts are al-

leged in the Plaintiff's Second Amended Complaint from which it can be implied or inferred that the death of the Plaintiff's decedent could have been anticipated or foreseen by the Defendant Larry McLaughlin. Finally, the Plaintiff's Second Amended Complaint, when considering all reasonable inferences to be drawn from the facts alleged therein, reveals on its face that the negligent acts of the decedent Quaderer were those of a thief and/or trespasser and constituted an intervening efficient cause of the Plaintiff's alleged damage."

After oral argument was had the court sustained said demurrer on January 11, 1968, and afterward, on March 26, 1968, the court ruled the plaintiff to plead over within fifteen days.

Plaintiff having failed to plead over, the defendant, Larry McLaughlin, on June 24, 1968, filed a motion for judgment in his favor to dismiss plaintiff's second amended complaint as to him, which motion was sustained and the court adjudged the defendant, Larry McLaughlin, be removed as party defendant in this cause of action.

It was from this ruling of the court that the appellant appeals.

Appellant's assignment of errors is as follows:

"1. The trial court erred in sustaining Appellee's demurrer to Appellant's complaint.

"2. The decision of the court is contrary to law.

"3. The judgment of the court is contrary to law."

The parties agree that substantially the same question is raised by all three assignments of error and each party has grouped them together and supported them by one argument in their briefs, and also in oral argument, and this court shall now treat them accordingly.

Appellant frankly admits in his brief that "in order to prevail, appellant must show this court that there was a duty imposed upon appellee which he violated, and that the conse-

quences of his actions were foreseeable by appellee and that the violation of that duty was a proximate cause of the death of appellant's son."

Appellee McLaughlin contends that the acts of negligence charged to him in the second amended complaint were too remote in the eyes of the law to constitute a proximate cause of the injury complained of, if, in fact, they did constitute negligence.

Thus, the legal question to be passed upon by this court is whether or not it was reasonably foreseeable that the leaving of an intoxicated person in an automobile which could be started without an ignition key would or could result in that person's driving said automobile in such a way as to lead to harmful consequences resulting in injuries to others.

21 I.L.E., *Negligence,* ch. 65, p. 325, has this to say about foreseeability of consequences:

"The Indiana courts regard foreseeability of injury as an essential element or fundamental test of proximate cause, and hold that negligence will not be deemed to have been the proximate cause of an injury so as to impose liability therefor unless the consequence was one which, in the light of attending circumstances, ought, could, or should reasonably have been foreseen or anticipated. In determining the question of liability in negligence cases, the proximate cause is construed as a cause from which a man or [of] ordinary experience and sagacity could foresee that the result might ensue.

"While no liability exists for an injury which could not reasonably have been anticipated as a proximate result of one's conduct, it is not necessary, to make one liable for negligence, that he should have foreseen the particular or precise injury that in fact occurred, and the fact that an act of negligence produces an injury to another in a manner so unusual that it was not to be expected or anticipated does not relieve the person responsible from liability when such act was one likely to cause an injury in a way that might have been foreseen."

The question of proximate cause and foreseeability is not a new question in Indiana and the general rule of law applicable to the cause now before us is well stated in the case of *King v. Inland Steel Co.* (1911), 177 Ind. 201, 96 N. E. 337.

In the *King* case, the plaintiff, employee of defendant, was injured when he slipped and fell into some revolving cog-wheels owned and operated by defendant that had no protective guard or covering to prevent one from coming in contact with the wheels while in motion.

Plaintiff alleged the injury was caused by the negligence of defendant in failing to guard said cog-wheels and in operating the same without a guard. Defendant contended that the allegations of the amended complaint showed the proximate cause of plaintiff's injury was the starting of the machinery, of which the cogs were a part, and not a failure to guard the cogs.

To this contention, our Supreme Court said:

". . . A test of proximate cause is to be found in the probability of injurious consequences fairly to be anticipated from the omission of duty or the negligent act."

The court further says:

"The omission of duty charged in the complaint was the failure to guard the gearing of cog-wheels, as required by the statute. That such exposed machinery, about which employes in factories and mills work constantly, render danger of injury to them is well known. The fact that such injuries were constantly happening, the lawmaking power of the state took cognizance of, and passed the act under which this action is brought. When appellee failed to comply with the law in the particular involved in this case, it was bound to anticipate that injury to its employes might result from its failure. *It was not necessary that it should foresee the identical injury to appellant, involved here*" (Our emphasis).

. . . . .

"Neither logic nor sophistry can argue away the very obvious fact that but for appellee's violation of the duty expressly imposed by statute appellant would not have received the injury complained of, and the question of intervening agency or mischance, for which appellant is in nowise responsible, should not be controlling to the absolution of appellee for its wrong. The negligence of appellee was present at the very beginning of the series of events which led up to appellant's injury, and it continued along with all of them and caused his injury. *There was no time when the casual [causal] connection of appellee's breach of duty with appellant's injury was broken. It was the first, the immediate and efficient cause. This is proximate cause"* (Our emphasis).

The court said further that it is equally true that without the failure of the statutory duty to cover the cogs the injury could not have happened even though the machinery was set to running.

". . . It is the intervening agency, which of itself, unaffected by the preceding negligence, caused the injury, which will prevent a recovery. An intervening agency, which merely concurs with that counted on as constituting the cause of action does not defeat it. (Cases cited.)"

The question of foreseeability and proximate cause was recently discussed in the case of *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E. 2d 847.

In the foregoing case a minor automobile passenger, by her guardian, brought action against a seller of intoxicants to a minor automobile driver, who drank the liquor, became intoxicated, operated the automobile, and as a result was involved in an accident in which appellant's ward was injured. The trial court sustained a general demurrer to both paragraphs of the complaint and appellant appealed. The second paragraph of complaint was based on the statute which provided for civil liability on the part of any person

illegally selling intoxicating liquor for any injury or damage on account of the use of such liquor.

In commenting on the rule of foreseeability and proximate cause, the Supreme Court discussed the common law rule on sales of liquor, and stated:

> "In recent years, there have been a substantial number of cases holding that where liquor is sold to such persons as minors or drunks who are particularly susceptible to the use of liquor, a seller can be liable for the resulting injury if circumstances should have warned him that his sale would create an unreasonable risk (Citing cases)."

The court further said:

> "However, it is well settled that for a negligent act or omission to be a proximate cause of injury, the injury need be only a natural and probable result thereof; and the consequence be one which in the light of the circumstances should reasonably have been foreseen or anticipated (Citing cases).

> "In order to be actionable, an act of negligence need not be the *only* proximate cause. It is sufficient if the act, concurring with one or more efficient causes, other than the plaintiff's fault, is the proximate cause of the injury (Our emphasis).

> "Even interevening acts of negligence do not necessarily relieve a wrongdoer of liability.

> " '(I)f harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. Generally, where harmful consequences are brought about by intervening and independent forces, the operation of which might have been reasonable [reasonably] foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces, and the original wrongful act will be treated as a proximate cause; but, if the new independent intervening force was not reasonably foreseeable at the time of the actor's wrongful conduct, the consequences, ordinarily, are not caused by the original wrongful act.

" 'In determining what was the efficient cause of an injury, the test is to be found, not in the number of the intervening events or agents, but in their character, and in the natural and probable consequences ....'

"Ordinarily, the issue of proximate cause is for the jury if different minds might reasonably draw different inferences from the facts given. Certainly it is for the jury to determine whether or not the injurious consequences that resulted from negligence are such as ought reasonably to have been foreseen, or whether an intervening cause was such as to break the causal connection. 21 I. L. E. § 204, Negligence, 428, at 430."

The Supreme Court, in determining that the issue of proximate cause and foreseeability was a question of fact for the jury, held that there was a common law action against one unlawfully selling or furnishing intoxicating liquor to a minor which led to consequences resulting in injuries to third persons, and ordered the court to overrule the demurrer to plaintiff's complaint.

Foreseeability and proximate cause was also discussed by this court in the recent case of *New York Central Railroad Company v. Cavinder* (1965), 141 Ind. App. 42, 211 N. E. 2d 502.

In this case the plaintiff, a minor, was riding in a Volkswagen with his mother, the road surface was icy, there were no automatic signals at the railroad crossing, and the car ran into the side of the train. Appellant argues that ice was an intervening cause as a matter of law. The court stated:

"Where there is an independent responsible agency intervening between the defendant's negligence and the injury, the question whether the original negligence is the proximate cause of the injury is to be determined by whether the agency might have been reasonably expected under the circumstances to intervene in such a way as to be likely to produce an injury similar to the one actually caused. (Cases cited).

"Generally, where harmful consequences are brought about by intervening independent forces the operation of

which might have been reasonably foreseen, then the chain of causation extending from the original wrongful act to the injury is not broken by the intervening and independent forces and the original wrongful act is treated as a proximate cause (Cases cited).

. . . . .

"Although it may be strictly accurate to say that there can be but one proximate cause of an injury several elements may combine to make up the proximate cause of an injury, and in order to render a person liable his negligence need not be the sole proximate cause of an injury; it being sufficient that his negligence, combining with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury (Cases cited).

. . . . .

"*In accordance with the general rule, it is for the jury to determine whether or not the injurious consequences that result from the negligence are such as ought reasonably to have been foreseen, and whether an intervening cause was such as to break the causal connection between defendant's act and the injury* (Cases cited)." (Our emphasis.)

Each of the parties discussed the case of *Kiste v. Red Cab, Inc.* (1952), 122 Ind. App. 587, 106 N. E. 2d 395 (Transfer denied), and appellee relies heavily on this case to sustain the trial court's ruling.

Although the *Kiste* case and the instant case allege violation of the same statute, the same being Burns' Indiana Statutes, § 47-2124:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade, without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

the factual situations of the two cases are easily distinguished. In the *Kiste* case a thief took over the unattended

automobile, while in the instant case, the automobile was left unattended although a companion was left in the car in an intoxicated condition.

The instant case is also distinguishable on the question of foreseeability from the *Kiste* case, in that it may not be foreseeable that a thief would drive carelessly and negligently. However, in the instant case it may be readily foreseeable that an intoxicated person is likely to drive a car in which he is left in possession by one with whom he had been drinking, using the automobile to go from tavern to tavern. It may be further foreseeable that an intoxicated person is most likely to drive carelessly and negligently in such intoxicated condition. In this connection it should be noted that the General Assembly of Indiana has enacted legislation punishing persons who operate a motor vehicle on the highways of the State of Indiana under the influence of intoxicating liquor. It is our opinion that the *Kiste* case does not apply and is no precedent for ruling in this case.

This court is of the opinion that a motor vehicle, under the statute above cited, is technically unattended when left in possession of an intoxicated person or a person under other disability that he or she could not be responsible for the motor vehicle. In other words, a person who is not in complete control of their mental faculties or is of such tender years that they are not responsible for their actions, would not, under the statute, comply with the requirement that the motor vehicle be left attended.

We further believe that the fact the key was removed from the ignition is no defense for the reason that the Buick automobile in question could have the ignition turned on without a key and the ignition would not be locked.

The Supreme and Appellate Courts of Indiana have, in analogous situations, upheld the liability of a seller or fur-

nisher of articles that are dangerous if misused. In the case of *Smith v. Thomas, et al.* (1955), 126 Ind. App. 59, 130 N. E. 2d 85, this court upheld the liability of persons who furnish an automobile to a minor unlicensed to drive for the injury resulting from the operation of the automobile by the unlicensed driver.

Applying the principles of common law negligence to the facts and circumstances in the case and accepting as true all the material allegations of the second amended complaint, we hold that there are sufficient facts alleged in plaintiff's second amended complaint to state a cause of action and, therefore, the court erred in sustaining appellee's demurrer to said second amended complaint.

Cause reversed, with instructions to the court to overrule the demurrer and take such other action which is consistent with this opinion.

Costs versus appellee.

Carson and Cooper, J.J., concur; Sullivan, J., concurs with opinion.

### Concurring Opinion

Sullivan, J.—I agree that plaintiff's complaint states a a cause of action, but in my view the validity of that cause rests solely upon the provisions of Burns' 47-2124. The complaint does not, in my opinion, allege any breach of a common law duty on the part of this defendant.

Note—Reported in 247 N.E. 2d 840.