ALTALOIS DILLNER AND AMERICAN STATES INSURANCE COMPANY v. JOHN MAUDLIN.

[No. 1-374A49. Filed August 7, 1974.]

*John M. Lewis* of Seymour, for appellants.

*William L. Thompson, Allen and Thompson,* of Salem, for appellee.

LOWDERMILK, J.—Plaintiff-appellant Dillner was injured by a motor vehicle driven by Lindley Welch who had unlawfully taken the auto belonging to defendant-appellee from a parking lot in Salem, Indiana. The auto was unlocked at the time, with the ignition keys either in the ignition or laying on the front seat.

Plaintiff alleged that defendant was negligent in leaving the keys in the automobile, in violation of IC 9-4-1-116, Ind. Ann. Stat. § 47-2124 (Burns Code Ed.), and that this negligence was the direct and proximate cause of plaintiff's injuries. Defendant filed a motion to dismiss, which was treated

as a motion for summary judgment, pursuant to Ind. Rules of Procedure, Trial Rule 12 (B) (8). The trial court granted said motion and from this ruling plaintiff appeals.

The sole issue in this appeal is whether defendant was entitled to summary judgment. The question is not whether the act of leaving keys in an auto is negligence, but, rather, whether such an act can, as a matter of law, be the proximate cause of any injuries resulting from the unlawful taking of the auto. The leading case in Indiana on this issue is *Kiste* v. *Red Cab, Inc.* (1952), 122 Ind. App. 587, 106 N.E.2d 395. *Kiste* held that as a matter of law the negligent leaving of keys in an auto could not be considered the proximate cause of injuries resulting from the negligent operation of the auto by a thief.

Plaintiff has relied on the case of *Brattain* v. *Herron* (1974), 159 Ind. App. 663, 309 N.E.2d 150 in support of his position. However, *Brattain* is distinguishable from the case at bar where the person sought to be held liable is only passively negligent. In *Brattain* the individual held negligent was actively negligent by furnishing intoxicating beverages to a person who she knew to be a minor and who she knew would be driving an automobile immediately after consuming the intoxicants. Thus, the rationale of *Brattain* would not be applicable in the case at bar.

Plaintiffs have presented a well-documented and well-reasoned argument to support their position that *Kiste, supra,* should be overruled. However, this same exact issue was, in June of this year, presented to this court in the case of *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487, 490. In *Surratt,* Judge Garrard discussed the rationale and holding of *Kiste* and held as follows:

> "It is our opinion that *Kiste* properly decided that as a matter of law, the negligent leaving of the ignition keys in the automobile could not be considered the proximate cause of injuries later resulting from the negligent operation of the stolen automobile by a thief. Accordingly, the trial

court properly granted summary judgment to the defendant upon this issue."

It is our opinion that *Surratt* is dispositive of the issue in the case at bar and the granting of the summary judgment was proper.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 314 N.E.2d 794.