McCARLEY v. DURHAM.
No. 35726.

Supreme Court of Oklahoma.

Feb. 2, 1954.

John A. Cochran, Tulsa, for plaintiff in error.

D. F. Rainey and John Barksdale, Okmulgee, for defendant in error.

WILLIAMS, Justice.

Plaintiff sued defendants herein for damages resulting from an automobile accident. Defendants were father and son; the son, a minor, was the driver of the car which struck plaintiff's car, and the father was joined as a defendant on the ground that the son was his agent, servant and employee; and on the further ground that the son was a reckless driver and that the father knew, or should have known such to be the case; that in spite of such knowledge, or imputed knowledge, he allowed his son to drive the car.

At the conclusion of plaintiff's evidence, the defendant father demurred to the evidence, and the demurrer was sustained as to him. Thereafter plaintiff recovered judgment against the son, who prosecutes this appeal through his next friend.

The sufficiency of the evidence to sustain the verdict and judgment is not challenged. Defendant's brief lists five assignments of error, but they are all argued under one proposition which is not clearly stated. The gist of the proposition is apparently (1) error in the admission of evidence and (2) that the opening statement, pleadings, questions and plan of plaintiff's case show that the father was joined as a defendant in bad faith, merely for the purpose of making admissible evi-

dence of previous allegedly reckless driving on the part of the son; that as a result of the admission of such evidence defendant son was prevented from having a fair trial, especially in view of the fact that the father's demurrer to the evidence as to plaintiff's cause of action against himself was sustained.

The evidence concerned under (1) above was the following testimony by a police officer:

"Q. George, did you ever have any driving trouble with him before this date?

"Mr. Cochran: Object to this. Can have no effect upon this lawsuit. He has got to show that this knowledge was carried to his father.

"The Court: Got to show such condition. Overruled.

"Mr. Cochran: Exception.

"Mr. Rainey: You may answer.

"A. Yes sir. I used to be on the Motorcycle. Traffic Department.

"The Court: Confine it to 'motor vehicle'. Anything else wouldn't have any effect on this.

"Mr. Cochran: Let's make one objection, and objection to all questions pertaining to this.

"A. I have stopped him a number of times on his motor scooter. After he got his first car. I guess it was his first one. I have stopped him several times and warned him.

"Q. That is, you would just pull up beside him, and warn him about his manner of driving? A. Yes.

"Q. What was the matter with his driving, both on motor scooter and automobile? A. He was driving too fast. Speeding."

In connection with the above testimony, the record shows that on at least two occasions the court clearly and explicitly instructed the jury as to the basis for its admission. On one occasion he said:

"* * * Any act of the defendant Robert McCarley, with reference to reckless driving that happened prior to this accident, if it is proved the father

knew it, you will be instructed on it, as Mr. Rainey said. * * * Evidence that he might have been reckless would have nothing to do with this lawsuit, unless it is proved that his father knew it. * * * You won't pay any attention to his previous reckless driving, unless it is connected. * * *"

After the demurrer of the defendant father to the evidence had been sustained, the court said to the jury:

"Ladies and Gentlemen: In line with the discussion I had with you this morning with reference to permitting evidence to come in, to the prior driving of the defendant, Robert McCarley. Herman McCarley is no longer in this suit so far as the suit against him is concerned. The Court has held that they didn't connect the defendant, Herman McCarley, with any knowledge that he knew of any recklessness on his boy's part. *Which means that you won't consider any testimony that has come into this case with reference to the driving of Robert McCarley, the boy. You will try the case purely on what happened the night of the accident.* Mr. Herman McCarley is still in the lawsuit so far as his Cross-Petition is concerned, in which he asked for damages to his car. Now, Gentlemen, is that sufficient? (Emphasis supplied.)

"Mr. Cochran: That is sufficient."

The record also shows that a few minutes after the accident, the defendant son said to a witness: "I wonder what they are going to think of this. I just got it fixed up from an accident I had three (3) weeks ago." No objection was made to this testimony, and it was admissible as a part of the res gestae.

See First National Bank in Tonkawa v. Beatty, 172 Okl. 47, 45 P.2d. 158, wherein the court said:

"A party cannot complain of the admission of evidence over his objection, where he permits evidence of the same tenor to be admitted without objection."

In support of his position, defendant cites Kurn v. Radencic, 193 Okl. 126, 141 P.2d 580, to the effect that "proof of an act charged against a person may not be proved by showing a like previous act to have been committed by the same person." This rule of law is inapplicable under the fact situation here involved, for the reason that the record in the case at hand conclusively shows that evidence of the previous driving record of the defendant son was not admitted against him for the purpose of showing his negligence in the accident in question (or for any purpose), but was admitted against the father on the theory that the father knew of his son's alleged reckless driving habits but still allowed him to drive the car, and that the granting of permission to use the car under such circumstances amounted to negligence upon the part of the father.

That it was proper, as a matter of pleading, for the father to be joined as a codefendant, under the circumstances alleged, is shown by the following rule from Coker v. Moose, 180 Okl. 234, 68 P.2d 504, wherein a mother and son were sued as codefendants:

"Where the owner of an automobile permits her son, who is known to her to be a careless, reckless, and incompetent driver, to drive her automobile upon a public highway, and injury results from his careless and reckless driving of such automobile, such owner is chargeable with negligence and is properly held liable for the injury."

To the same general effect is Waddle v. Stafford, 104 Okl. 192, 230 P. 855.

Although it is generally considered to be well settled that evidence inadmissible as against one codefendant may be admitted as against another, no Oklahoma case directly in point on this question has come to our attention. Courts of other jurisdictions have passed upon this question frequently; see Smith v. Martin, 93 Vt. 111, 106 A. 666; W. A. Flint Co. v. John V. Farwell Co., 192 Ind. 439, 134 N.E. 664; Outlook Farmers' Elevator Co. v. American Surety Co., 70 Mont. 8, 223 P. 905; Nason v. Nason, 79 Neb. 582, 113 N.W. 139. See also 64 C.J., Trial, sec. 153, which reads in part:

"Evidence inadmissible as to one party may be admitted as against a coparty. * * *"

We conclude, therefore, that the court did not err in admitting, as against the father, evidence which was not admissible against the son.

Defendant also cites and quotes at length from Harrod v. Sanders, 137 Okl. 231, 278 P. 1102, 1105. In that case, this court dealt, in the part quoted by defendant, with a situation in which an attorney, after being advised by the court that a certain line of questioning was inadmissible, thereafter persisted in asking leading and suggestive questions along the same line, objections to all of which were properly sustained by the trial court. This court, in ordering a new trial, in part because of such conduct, said, "We cannot refrain from voicing our disapproval of the conduct of plaintiff's counsel in attempting to get before the jury incompetent evidence highly prejudicial to defendant, after repeated admonishments and rulings of the trial court sustaining objections to the admission of such evidence."

No such situation is presented in the case at hand. In the part of the evidence pointed out in defendant's brief (quoted hereinabove) only two objections by defendant are contained; on the first one, the trial court ruled in favor of plaintiff but indicated that proof of knowledge on the part of Herman McCarley of said prior alleged recklessness of his son would be required, and on the second one no ruling at all was obtained. Under the 1951 amendment to our statute, 12 O.S.A. § 630, formal exception to rulings of the court are not necessary. The trial court evidently had in mind staying with his formerly announced intention of requiring proof of notice, as is demonstrated by his sustaining of the demurrer to the evidence of defendant Herman McCarley when such proof was not forthcoming. In the Harrod case the court sustained objections and plaintiff repeatedly thereafter attempted to show alleged acts of assault on former

occasions. The Harrod case is therefore inapplicable. Of course, it inheres in the decision in the Harrod case that the action of the trial court in refusing to admit evidence of former assaults was not found under the pleadings, objections, points raised on appeal, etc., to have been reversible error. In fact it appears not to have been raised there. And as indicated hereinabove such a proposition is not before us here for the reason that the court withdrew such evidence from the consideration of the jury after sustaining the demurrer to the evidence.

▪ In view of the facts that the court plainly instructed the jury, apparently to the satisfaction of defendant's counsel insofar as defendant could be satisfied othei than by sustaining his request for. a mistrial, as to the only basis for the admission and consideration of the evidence, and after it was determined such evidence was not properly before the jury admonished them to disregard it; that other evidence of a previous accident was admitted, without objection on the part of defendant; and that there is no positive indication that the jury disregarded the instructions or was misled, we do not believe it can now be said that defendant herein did. not have a fair trial. This is especially true when it is considered that the sufficiency of the evidence to sustain the verdict is not challenged, and that the trial court, who was in a better position than this court to observe that a fair trial was had, approved the verdict rendered by the jury.

It should perhaps be noted that if the statements in defendant's brief to the effect that there was a total absence of any evidence of any kind justifying the joining of the father as a defendant were true, the evidence of prior fast or reckless driving in the case at hand might have been cause for reversal, regardless of whether such joining was in bad faith or not. However, it is arguable that the evidence noted in this opinion, together with other evidence, might have been sufficient to justify a finding by the jury that the father "would have known the facts with respect thereto (that is, about his son's reckless. driving) had he exercised due and ordi-

nary care", as alleged in plaintiff's petition. Since the plaintiff did not appeal from the order sustaining the demurrer of the father, we are not required to pass upon that question.

We have examined the case made and briefs in this case carefully and from our consideration of the entire record, we cannot say that defendant did not have a fair trial.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, and BLACKBIRD, JJ., concur.