Darrell BERG, a minor, Plaintiff in Error,

v.

Judith E. BRYANT, an infant under the age of twelve years, who sues by B. L. Bryant, as next friend, Defendant in Error.

No. 37280.

Supreme Court of Oklahoma.

Dec. 26, 1956.

518

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, for plaintiff in error.

Robert J. Scott, Pawnee, for defendant in error.

CORN, Justice.

This action was brought by B. L. Bryant as the next friend of Judith E. Bryant, a minor, to recover damages from Darrell Berg, a minor, for injuries received by Judith E. Bryant when she was thrown from a pick-up truck in an accident. The defendant appeals from a judgment based on a jury verdict in plaintiff's favor for $3,000. For convenience we shall refer to Judith E. Bryant as plaintiff and Darrell Berg as defendant.

The progress of events leading to the injury to plaintiff as outlined in the petition, and upon which there is no dispute, may be stated thus: The defendant, on the date of the injury to plaintiff, while driving a pick-up truck owned by his father, invited plaintiff and four other young girls for a ride; defendant allowed Joyce Lee Spears to drive for awhile and then got out of the vehicle; Joyce continued to drive the others in and about the town of Skedee and while she was driving lost control of the truck at a corner; the truck swerved across the road and back striking embankments on each side; plaintiff was thus thrown from the truck bed whereby she suffered the injuries for which recovery in damages was sought.

The allegations of the petition, denied by the defendant and here contended to be unsupported by the evidence, were substantially as follows: That the defendant was negligent and acted without due care for the safety of the occupants of the truck in entrusting the operation of the truck to Joyce Lee Spears, knowing her to be an unfit, incompetent and unqualified person to operate the vehicle; that defendant knew that she had only driven an automobile a few times before and that she was under the age required by law for a permit to drive on the roads of the State of Oklahoma; that the driver by reason of her inexperience in driving and lack of skill, lost control of the truck and drove it into a ditch causing plaintiff's injuries.

Defendant here urged error under two propositions. The first to the effect that plaintiff's evidence was insufficient to sustain the allegations that defendant knew Joyce Lee Spears to be an improper or unqualified driver; and the second to the effect that there was no evidence that the driver was negligent. Defendant contending under each proposition that the trial court erred in failing to sustain his demurrer to the evidence and in refusing to direct a verdict in his favor.

The liability of one who knowingly permits a careless, reckless, or otherwise incompetent driver to operate his automobile, for damages resulting therefrom is recognized in this jurisdiction. Coker v. Moose, 180 Okl. 234, 68 P.2d 504. This rule of law, existing independent of statute, charging the owner of an automobile with liability for injury or damage resulting from the negligence of an incompetent, reckless, careless, or unqualified driver to whom the vehicle is entrusted is well settled in this State and elsewhere. See annotation to case in 168 A.L.R. 1356 (Williamson v. Eclipse Motor Lines, 145 Ohio St. 467, 62 N.E.2d 339). This rule as stated by the annotator in the A.L.R. citation above, "* * * is a specific application of the general principle laid down by the American Law Institute, charging one who supplies, directly or through a third person, a chattel for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, to be likely to use it in a manner involving unreasonable risk of bodily harm to others, with liability for the harm caused thereby."

The allegations of the petition also raise the question as to the applicability of 47 O.S.1951 § 308, which provides:

"308.—Liability for knowingly permitting operation by person not qualified.—Any person as herein defined, who is the owner of any motor vehicle and knowingly permits such motor vehicle to be operated by any person who is not qualified to operate a motor vehicle under the provisions of this Act,

shall be held civilly liable as a joint tort feasor for any unlawful act committed by such operator."

■ We must first determine whether the evidence is sufficient to show that the defendant knew that Joyce Lee Spears was not qualified to operate the pick-up motor vehicle at the time he turned it over to her to operate. Proof of the fact that the defendant had knowledge that she did lack the experience and qualifications to drive is a very difficult proposition to prove as it requires the plaintiff to establish the state of defendant's mind in regard to this question at the time he turned the vehicle over to her. The only available direct evidence would be the statement of the defendant who had good reason to deny that he had such knowledge. Therefore plaintiff must resort to circumstantial evidence to prove that defendant's relationship with Joyce Spears was of such an intimate nature that he would have had knowledge that she was inexperienced and not qualified to operate the vehicle. The testimony of Joyce Spears shows that she was 15 years of age at the time of the accident; that she did not have a permit to drive, and that she had known defendant for three or four years; that they both lived in or near the town of Skedee, Oklahoma, and that they both attended a small highschool at Blackburn that had a total enrollment of 45 students. This intimate relationship of defendant and Joyce Spears, over a period of several years, in a small town and a high school of 45 students, is the circumstantial evidence that the jury elected to believe in their finding that defendant had knowledge of her inexperience and lack of qualifications to drive.

Also the defendant testified as follows:

"Q. Where did you live, Darrell? A. East of Skedee.

"Q. How far east? A. Three miles.

"Q. How far east of Skedee? A. Three miles.

"Q. Did you know all of the parties that were here today? A. Yes, sir.

"Q. Did you know Miss Joyce Spears at the time of this accident? A. Yes, sir.

"Q. How long had you known her? A. I don't know exactly.

"Q. Well, had you known her for over a year? A. Yes, sir.

"Q. Have you known her for over two years? A. Somewhere around two years.

"Q. You had known her for two years? A. Yes, sir.

"Q. What grade were you in at the time of the accident? A. Senior.

"Q. How many students were in this highschool? A. Between forty and forty-five.

"Q. Did you know most of the students in the highschool? A. Yes, sir.

"Q. What grade was Joyce Spears in? A. I believe she was a sophomore.

"Q. Do you know what church Joyce Spears went to? A. She went to the Assembly of God part of the time and the Methodist part of the time.

"Q. Where did you go to church? A. Methodist.

"Q. Did you know her there in church also? A. Yes, sir."

The defendant also contends that there is no evidence that Joyce Spears was negligent, and therefore the court erred in failing to sustain defendant's demurrer to plaintiff's evidence and motions for directed verdict.

■ The facts from which the jury determined that there was negligence of the defendant was that she was 15 years of age, did not have a drivers license, had only driven a car a few times and that she lost control of the car while making a turn without the interference of traffic or anything else which caused the accident.

One of the girls testified:

"Q. Do you recall what occurred?
A. She lost control and went across the road backwards and forwards, hit the right bank and went across and hit the left bank."

In Missouri, K. & T. Ry. Co. v. Simerly, 72 Okl. 251, 180 P. 551, Syll. 2, we held:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury."

In Reed v. Scott, 50 Okl. 757, 151 P. 484, Syll. 3, we held:

"A jury may, if they so decide, accept circumstantial evidence upon one side, and reject positive testimony presented on the same point by the other side."

In Waddle v. Stafford, 104 Okl. 192, 230 P. 855, Syll. 1, we held:

"Where an examination of the record presented on appeal shows that there was any competent evidence submitted in the trial of the cause, reasonably tending to support the verdict of the jury, the verdict and judgment based thereon will not be disturbed on appeal because of insufficiency of the evidence."

The jury, in returning a verdict for the plaintiff, found from the evidence outlined herein that the defendant knew that Joyce Lee Spears was not qualified to drive said pick-up truck when he turned it to her, and that the accident was caused by her negligence in that she did not know how to drive the pick-up truck.

Under all the facts and circumstances in this case, we do not feel disposed to reverse the judgment of the trial court which is based upon a jury verdict.

Judgment affirmed.

WILLIAMS, V. C. J., and DAVISON, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.