**Dale SHOEMAKE, Appellant,**

**v.**

**Roger STICH, d/b/a Aamco Automatic Transmissions and Daniel Lyon, Appellees.**

**No. 46633.**

Supreme Court of Oklahoma.

April 15, 1975.

Ed Abel, Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman, Oklahoma City, for appellant.

Loyd Benefield and Donald R. Wilson, Benefield, Shelton & Johnson, Oklahoma City, for appellee Roger Stich, d/b/a Aamco Automatic Transmissions.

DAVISON, Justice:

Dale Shoemake (plaintiff below) appeals from an order and judgment sustaining the demurrer of Roger Stich, d/b/a Aamco Automatic Transmissions .(defendant below) to the evidence of Shoemake, in Shoemake's action for damages against Stich and one Daniel Lyon, and rendering judgment for the defendant Stich.

Shoemake has included Daniel Lyon (defendant below) as an Appellee in the caption of this appeal, but presents and claims no error in connection with the judgment for damages that was rendered in favor of Shoemake and against Lyon in the trial court. The inclusion of Lyon's name in the caption is irrelevant to our disposition of this matter.

Shoemake's action against Stich for damages for personal injuries was based on the rule of law charging the owner of an automobile (Stich), or one having possession and control of an automobile, with liability for injury or damage resulting from the negligence of an incompetent, reckless, careless, or unqualified driver to whom the vehicle is entrusted by such person.

■ In considering the trial court's action sustaining the demurrer of the defendant Stich to the evidence of plaintiff Shoemake we are presented with the question of whether Shoemake's evidence and all reasonable inferences to be drawn therefrom, construed in the light most favorable to Shoemake, was sufficient to reasonably tend to establish a cause of action against Stich. Oklahoma City v. Prieto, Okl., 482 P.2d 919; Lawson v. Lee Eller Ford, Inc., Okl., 375 P.2d 913, 916.

There is no controversy that Shoemake was injured while riding as a passenger in a car driven by Lyon when the vehicle ran into the rear of a parked automobile. The vehicle in which Shoemake was a passenger was owned by Stich.

We give the following resume of plaintiff Shoemake's evidence. Shoemake's testimony was: that both he and defendant Daniel Lyon were employees of defendant Stich; that Stich would acquire title to automobiles in connection with the operation of his business and would permit his employees, including Shoemake and Lyon, to drive these vehicles; that Lyon was a heavy drinker and would come to work "hung over, slightly intoxicated" and sometimes would not.come to work at all, and had observed Lyon take drinks during the noon hour; that he had seen Lyon drive automobiles at Aamco while in the above described condition on more than one occasion. Shoemake further testified he had discussed the above conduct of Lyon with Stich on several occasions; that Stich talked to Lyon a couple of times concerning this conduct, and had fired Lyon on two occasions, but had let Lyon come back because he was a good salesman; that he (Shoemake) had been driving the vehicle when Stich told him to let Lyon have the car for transportation to Enid, Oklahoma, and while in Enid, to work for Aamco in Enid for several weeks, and that he (Shoemake) related to Stich information from Enid that Lyon was having problems with his drinking in Enid and that sometimes it was necessary to go and get Lyon at his motel room to come to work.

Shoemake further testified Lyon returned to Oklahoma City (Saturday, February 6, 1971) and that about 2:30 (after Aamco had closed for the day) he and Lyon went to a bar and each had one drink of bourbon and played pool, and he (Shoemake) came back to the Aamco place of business for about 45 minutes to check

things, and then returned to the bar and played pool with Lyon until sometime before 6 P.M., when they both returned to Aamco; that he only saw Lyon have one drink; and that they left in the automobile shortly after 6:00 P.M., with Lyon driving and Shoemake with his head back against the seat and not looking down the street, and proceeded across an intersection, and "we hit a car, a parked car."

The above testimony regarding Lyon drinking when at the Aamco shop was supported by two additional witnesses.

An officer of the Oklahoma City Police Department testified for Shoemake that the accident occurred on Northwest Thirteenth Street, which has two lanes for west bound traffic, and took place in the "far right hand lane, west bound;" that Lyon stated they were going west in the right lane "when they approached a vehicle, and he finally decided that the vehicle was parked and tried to change lanes, at which time his vehicle collided with the rear end of the parked vehicle," which vehicle was parked midway in the block and was the first parked vehicle from the street intersection; that he observed Lyon had had something to drink by "an odor of alcoholic beverage on his person, and his actions were very slow and deliberate," and it was his opinion that what Lyon had to drink had impaired his ability to drive, and had "impaired his judgment," and that Lyon was "influenced."

■ Does the above evidence and all reasonable inferences to be drawn therefrom, construed in the light most favorable to Shoemake, reasonably tend to establish a cause of action against Stich? We conclude that it does.

The above testimony, if believed, presents evidence that Lyon was addicted to drinking, and to driving after drinking, that Stich knew, or should have known of this situation, and that Stich permitted Lyon to drive his (Stich's) automobile. The testimony of the police officer, if believed, would show Lyon had been drinking

and that his ability to drive was impaired. Shoemake testified he saw Lyon have only one drink, but the jury could have reasonably inferred from all of the evidence that Lyon could have had more in the bar when Shoemake was not present.

In an annotation in 19 A.L.R.3d 1175, on the subject of LIABILITY BASED ON ENTRUSTING AN AUTOMOBILE TO ONE WHO IS INTOXICATED OR KNOWN TO BE EXCESSIVE USER OF INTOXICANTS, it is stated at 1179, as follows:

"It is well established that a person who entrusts a motor vehicle to an incompetent driver who is likely to cause injury to others through its use is liable for any damages resulting therefrom, and this principle has generally been applied to cases where one entrusts a vehicle to another who he knows, or should know, is intoxicated or likely to become so while driving due to the fact that he is an excessive user of intoxicants."

In Berg v. Bryant, Okl., 305 P.2d 517, this court discussed the liability of a person, who permitted a careless, reckless, or otherwise incompetent driver to operate his automobile, for damages resulting from such operation. We referred to our statute, now 47 O.S.1971, Sec. 6–307, regarding liability of an owner of an automobile for knowingly permitting operation thereof by a person not qualified. Therein, we said that liability, existing independent of statute, was well settled in this State and elsewhere, referring to an annotation in 168 A.L.R. 1356, and stating as follows:

"This rule as stated by the annotator in the A.L.R. citation above, " * * * is a specific application of the general principle laid down by the American Law Institute, charging one who supplies, directly or through a third person, a chattel for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, to be likely to use it in a manner involving unreasonable risk of bodily

harm to others, with liability for the harm caused thereby."

See too our discussion of the Berg case in National Trailer Convoy, Inc. v. Saul, Okl., 375 P.2d 922 at page 928.

■ Relative to the proposition of Stich giving Lyon permission and authority to drive the vehicle after returning from Enid, Oklahoma, we point out that, in addition to positive testimony on the subject of employees being permitted to drive Aamco vehicles, Lyon had possession of the vehicle and obviously had the keys to the car. In Coker v. Moose, 180 Okl. 234, 68 P.2d 504, we said the jury may infer that the driver of an automobile had implied permission and authority to drive same where the owner thereof placed the automobile under his direction and the keys to the same in his hands.

In Greenland v. Gilliam, 206 Okl. 85, 241 P.2d 384, it was held that the question of permission of such other person to operate the vehicle is to be determined as any other essential fact in the case.

Stich cites Barger v. Mizel, Okl., 424 P. 2d 41, as authority, that the fact the owner knew the driver he loaned his automobile to had consumed alcoholic beverage prior to such entrustment, was insufficient to support negligent entrustment. The case is not applicable. In addition to other distinguishing features between the cited case and the present appeal, there was no evidence in Barger tending to show the driver's abilities were impaired to any extent.

In the light of plaintiff Shoemake's evidence and the applicable law, we are constrained to conclude that the trial court erred in sustaining the demurrer of Stich to the evidence.

Reversed.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., and BARNES, J., dissent.