2003 OK 55

**Lita Kay GREEN, Plaintiff/Appellant,**

v.

**Casey John HARRIS, Johnny Paul Harris and Lisa L. Harris, Defendants/Appellees.**

**No. 97,679.**

Supreme Court of Oklahoma.

May 20, 2003.

Mark A. Herndon, Dallas, TX, for Plaintiff/Appellant.

John R. Hargrave, Michael S. Ryan, Oklahoma City, OK, for Defendants/Appellees.

KAUGER, J.

¶ 1 The issue presented on certiorari is whether the trial court erred in granting summary judgment because the evidentiary materials do not support a claim for negligent entrustment as a matter of law. We hold that it did.

### FACTS

¶ 2 This cause concerns the liability of parents who provide a vehicle to their child, when they allegedly either knew or should have known that the child was an incompetent, careless, and reckless driver. The appellant, Lita Kay Green (Green), filed this negligent entrustment action against the appellees, Johnny Paul Harris and Lisa L. Harris (Harrises/parents/father/mother) after she was involved in an automobile accident with the Harrises' son, Casey John Harris (Harris/son), who was seventeen and a half at the time of the accident.

¶ 3 The son received his driver's license in March of 1997, and his parents provided him with a Chevrolet Camaro to drive. By June 27, 1997, Harris received his first speeding ticket. One month later, on July 27, 1997, the son received citations for driving under the influence of alcohol (DUI); driving left of center within 100 feet of an intersection, and failing to stop at a stop sign. Harris' driver's license was revoked on August 26, 1997. After the license was revoked, the parents sold the Camaro.

¶ 4 On December 10, 1997, Harris was given notice that, effective January 9, 1998, his driver's license would be cancelled because he had dropped out of school. Harris did not get his license reinstated until September 4, 1998. By October 6, 1998, Harris was back on the road, this time driving a Ford Mustang. The record indicates that the parents essentially provided the car for the son. The title of the car and the financing papers were in the father's name, although he insists that the son worked for him and made the payments. The mother indicated that the son worked for the father, but she really didn't know what he did or how much he was paid.

¶ 5 The son got another speeding citation on October 30, 1998. Less than two months later, on December 9, 1998, Harris was involved in the accident which gave rise to this lawsuit. The accident occurred when Green and her minor daughter were stopped behind a stop sign at the intersection of a county road known as Old U.S. Highway 69 just outside of Durant, Oklahoma. According to the police report, Harris was traveling approximately 93 miles an hour when he lost control of the car, skidded off the highway, and struck Green's vehicle in the front and left side.[1] The posted legal speed limit where the accident occurred was 45 miles per hour.

¶ 6 In an attempt to recover for the injuries she received in the accident, Green filed a lawsuit against Harris and his parents on May 22, 2000. She alleged that: 1) the son's intentional and wilful misconduct, gross negligence, negligence, reckless, malicious, wanton and careless actions were the cause of

---

1. The investigating trooper submitted an affidavit stating that he was convinced that neither drugs nor alcohol played any role in this accident.

the accident and her injuries; and 2) because the parents, as legal and/or beneficial owners of the car, unlawfully and negligently entrusted the vehicle to their son, they were also liable. The parents moved for summary judgment on April 18, 2001.[2] They argued that: 1) they had no knowledge, at the time of the accident, that their son was a careless, reckless or an otherwise incompetent driver; and 2) the mother could not be held liable because the title was not in her name.

¶ 7 On April 8, 2002, the trial court issued a final order pursuant to 12 O.S.2001 § 994,[3] sustaining the parents' motion for summary judgment. Green appealed on May 6, 2002, and on December 23, 2002, the Court of Civil Appeals, in an unpublished opinion, affirmed the trial court. We granted certiorari on April 7, 2003, to determine whether the trial court erred in granting summary judgment.

¶ 8 BECAUSE SUFFICIENT EVIDENTIARY MATERIALS EXIST CONCERNING THE PARENTS' LIABILITY FOR NEGLIGENT ENTRUSTMENT, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.

a. Material fact issues concerning the parents alleged negligence.

¶ 9 Green's negligent entrustment claim against the parents concerns the alleged fact that they provided their son with an automobile and allowed him to drive it, when they either knew or should have known that he was an incompetent, careless and reckless driver. The parents argue that the undisputed facts show that they were not negligent[4] because there is no relevant evidence which shows that they had notice that their son was a careless, reckless or otherwise incompetent driver. Green asserts that: 1) the trial court erred in granting summary judgment to the parents because her evidence, which includes circumstantial evidence, establishes an actionable negligent entrustment claim against the parents; and 2) the issue of negligent entrustment is a fact question to be determined by the jury.

¶ 10 An actionable, common law claim for negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom.[5] The question of negligent entrustment is one

2. The parents' motion for summary judgment notes that the cause was originally styled *Lita Kay Green, individually and as next friend of Kayelyn Green v. Casey John Harris, et al.*, but Kayelyn Green's claims have been settled and dismissed.

3. Title 12 O.S.2001 § 994 provides in pertinent part:

"A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order...."

4. The parents cite 10 O.S.2001 § 20 which provides:

"Neither parent or child is answerable, as such, for the act of the other."

However, the basis of this suit is negligent entrustment, rather than the parents status as parents.

5. *Shoemake v. Stich*, 1975 OK 55, ¶ 13, 534 P.2d 667; *Berg v. Bryant*, 1956 OK 336, ¶ 5, 305 P.2d 517; *Coker v. Moose*, 1937 OK 67, ¶ 9, 68 P.2d 504; *Waddle v. Stafford*, 1924 OK 309, ¶——, 230 P. 855. Although this cause involves negligent entrustment of an automobile, we note that liability is not limited to only motor vehicles. See e.g., *Sawyer v. Kelly*, 1944 OK 256, ¶ 3, 153 P.2d 97 [Permitting child to ride horse.]; *Ingram v. State*, 1990 OK 2, 786 P.2d 77 [Dangerous weapons to postal employee.]; *Vance By and Through Vance v. Thomas*, 1986 OK CIV APP 3, ¶ 9, 716 P.2d 710 [Minor's possession of a BB gun.]. The Restatement (Second) of Torts § 308 (1965) provides:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to

of fact for the jury.[6] Such facts may be proved by circumstantial as well as positive or direct evidence.[7]

▆▆▆ ¶ 11 A motion for summary judgment should be sustained only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[8] All conclusions drawn from the evidentiary materials submitted to the trial court are viewed in the light most favorable to the party opposing the motion.[9] Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different conclusions from the undisputed facts.[10]

▆▆▆ ¶ 12 The evidentiary materials show that just after the son received his driver's license and his parents provided him with a car, he received a speeding ticket. One month later he was cited for driving under the influence of alcohol, driving left of center and failing to stop at a stop sign. His license was revoked and later cancelled because he dropped out of school. After his license was reinstated and his parents provided him with

another car, he got another speeding ticket. Deposition testimony from the parents indicates that they often revoked their son's driving privileges as a form of discipline and that he was "grounded" anywhere from 30 to as much as 50 times between the ages of 15 to 18.

¶ 13 Additionally, an affidavit of the local trooper who investigated the accident provides that, although his son had been a friend of Harris' for at least 10 years, he was not permitted to ride in a motor vehicle driven by Harris and that Harris had a reputation in the community for using alcohol and drugs while driving. Direct and circumstantial evidence shows that Harris' relationship with his parents was such that they either had knowledge or should have known that Harris was a reckless and careless driver, and that he should not have been provided with a vehicle or allowed to drive. It is unlikely that the parents did not know of the son's driving propensities.

¶ 14 The parents insist that pursuant *Anderson v. Eaton*, 1937 OK 216, 68 P.2d 858 and *Barger v. Mizel*, 1967 OK 38, 424 P.2d 41, their son's prior conduct as a driver is not relevant to determine their knowledge at the

create an unreasonable risk of harm to others."

The Restatement (Second) of Torts § 390 (1965), a special application of the rule stated in § 308, provides:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

Statutory liability is also imposed on owners and employers for knowingly permitting unqualified persons to operate motor vehicles. Title 47 O.S. 2001 § 6–307 provides:

"Any person as herein defined, who is the owner of any motor vehicle and knowingly permits such motor vehicle to be operated by any person who is not qualified to operate a motor vehicle under the provisions of this act, shall be held civilly liable as a joint tortfeasor or any unlawful act committed by such operator."

See also, 47 O.S.2001 §§ 6–304–305. Nevertheless, liability also exists independent of statute. *Shoemake v. Stich*, supra; *Berg v. Bryant*, supra.

6.  *Berg v. Bryant*, see note 5, supra at ¶ 0; *Coker v. Moose*, see note 5, supra at ¶ 7. See also, *National Trailer Convoy, Inc. v. Saul*, 1962 OK 181, ¶ 10, 375 P.2d 922.

7.  *Berg v. Bryant*, see note 5, supra; *Greenland v. Gilliam*, 1952 OK 72, ¶ 11, 241 P.2d 384. See also, *National Trailer Convoy, Inc. v. Saul*, note 6, supra.

8.  *K & K Food Services, Inc. v. S & H, Inc.*, 2000 OK 31, ¶ 16, 3 P.3d 705; *Skinner v. Braum's Ice Cream Store*, 1995 OK 11, ¶ 9, 890 P.2d 922; *Buck's Sporting Goods, Inc., of Tulsa v. First Nat. Bank & Trust Co. of Tulsa*, 1994 OK 14, ¶ 11, 868 P.2d 693.

9.  *K & K Food Services, Inc. v. S & H, Inc.*, see note 8, supra; *Phelps v. Hotel Management, Inc.*, 1996 OK 114, ¶ 7, 925 P.2d 891; *State ex rel. Hettel v. Security National Bank & Trust Co. in Duncan*, 1996 OK 53, ¶ 24, 922 P.2d 600.

10.  *Prichard v. City of Oklahoma City*, 1999 OK 5, ¶ 19, 975 P.2d 914; *Kraszewski v. Baptist Medical Center of Oklahoma*, 1996 OK 141, ¶ 6, 916 P.2d 241; *Krokowski v. Henderson National Corp.*, 1996 OK 57, ¶ 9, 917 P.2d 8.

time of entrustment. However, neither *Anderson* nor *Barger* are dispositive of this cause and we decline to apply either of these cases to the facts presented. *Anderson* is distinguishable on its facts from the present cause, and the language the parents rely on in *Barger* is inconsistent and contrary to language found in *McCarley v. Durham*, 1954 OK 35, 266 P.2d 629.

¶ 15 *Anderson* involved a grandfather who purchased a car for his grandson. After the grandson was involved in an accident, the other driver sued the grandfather for negligent entrustment. The only evidence regarding the grandfather's knowledge of the grandson's driving propensities was from testimony of an attorney who said that, after the grandson had been involved in a prior accident, the grandfather had stated to him that he knew the boy was a fast driver.

¶ 16 The Court recognized that: 1) the statement constituted a voluntarily made statement in another matter; 2) there was no information regarding the circumstances under which the prior accident arose; and 3) the statement only showed that the grandfather knew that the boy was a fast driver, but not necessarily reckless. Accordingly, the Court held that knowledge that a person is merely a fast driver is not sufficient to attach liability. Here, in addition to evidence that Harris was a fast driver, the evidence also shows that Harris was cited for driving under the influence, driving left of center and failing to stop. The deposition testimony of the parents shows that Harris was careless and irresponsible, and that they often "grounded" him and withheld driving privileges. The affidavit submitted by the local state trooper reflects that Harris' reputation in the community was that of an illegal drug and alcohol user and that it was general knowledge in the law enforcement community in the Durant area that he used drugs and alcohol and poor judgment while driving.

¶ 17 *Barger* involved the potential liability of a sports car owner who permitted an alleged inexperienced driver, whose judgment was impaired by alcohol, to drive the car. After the driver was involved in an accident, an injured passenger sued the owner of the automobile. In an attempt to show

that the defendant knew or should have known that the driver was careless and reckless, the plaintiff sought to introduce testimony concerning a prior automobile collision at an unspecified date between the owner of the vehicle and the driver who caused the accident. Because there was no evidence revealing the time or circumstances surrounding the occurrence, the trial court did not admit the evidence.

¶ 18 The *Barger* Court also recognized the general rule that evidence of an automobile driver's negligence on other occasions, or of habitual or customary manner of driving is inadmissable to prove negligence. It concluded that there was no other evidence suggesting that the owner knew or should have known that the driver was careless and reckless. The Court may have been correct in its assertions that prior accidents or bad driving habits may not be relevant to prove the negligence of a driver in a subsequent accident. Nevertheless, the rule has no application when the evidence is being used to prove that parents knew of their child's reckless driving habits, but still provided a car and allowed the child to drive it.

¶ 19 In *McCarley v. Durham*, 1954 OK 35, 266 P.2d 629, the Court recognized that it is not error to admit evidence of a pre-accident record in order to prove knowledge in a negligent entrustment action, even though the evidence may have been inadmissable against the driver to prove negligence in causing the accident. Although the evidence in *McCarley* was ultimately found to be insufficient to support such a claim against the parent, the Court implicitly noted its relevance to the issue of knowledge. The same rationale applies to the facts presented in the present cause.

**b. Under the facts presented, the appearance of only one parent's name on the car's title is not dispositive of the other parent's potential liability.**

¶ 20 The parents also assert that the mother could not be held liable and that she had no ownership interest in the car, because her name was not on the title. Green contends that it is the right to possess and control the vehicle that is required to impose liability

and not necessarily legal ownership. Under the facts presented, we agree.

¶ 21 Motor vehicle certificates of title in Oklahoma are documents of convenience and are not necessarily controlling of ownership of an automobile.[11] Similarly, liability for negligent entrustment of a motor vehicle is not necessarily controlled by legal ownership of the vehicle. Although the doctrine of negligent entrustment is most often discussed in terms of ownership, in *Shoemake v. Stich,* 1975 OK 55, ¶ 3, 534 P.2d 667 we described it as:

> "Shoemake's action against Stich for damages for personal injuries was based on the rule of law charging the owner of an automobile (Stich), or **one having possession and control of an automobile,** with liability for injury or damage resulting from the negligence of an incompetent, reckless, careless, or unqualified driver to whom the vehicle is entrusted by such person." (Emphasis supplied.)

¶ 22 Here, the evidentiary materials show that both parents exercised control over the car because they used driving privileges as a means of discipline. The father signed the financing for the car and made the payments. Although, both parents allege that the son was paying for the car and he was allegedly working for the father to earn the money, the mother didn't know exactly what it was he did or how much he was paid. When the evidence is presented at trial, a jury might determine that both parents may be liable because both parents were instrumental in furnishing the vehicle to their son and because the car was controlled by each of them.

## CONCLUSION

¶ 23 To support an actionable claim for negligent entrustment of an automobile, the plaintiff must show that: a person who owns or has possession and control of an automobile allowed another driver to operate the automobile; the person knew or reasonably should have known that the other driver was careless, reckless and incompetent; and an injury was caused by the careless and reckless driving of the automobile.[12] The question of negligent entrustment is one of fact for the jury,[13] and may be proven by circumstantial as well as positive or direct evidence.[14] On the record presented, disputed facts and conflicting inferences from disputed facts might lead reasonable people to conclude that: 1) the parents knew or had reason to know that their son was likely to use the automobile in such a manner as to create an unreasonable risk of harm to others when the accident occurred; and 2) both parents were instrumental in furnishing the vehicle to their son and both parents controlled his use of the car. Consequently, the trial court erred in granting summary judgment.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

WATT, C.J., OPALA, V.C.J., and LAVENDER, SUMMERS, BOUDREAU and WINCHESTER, JJ., concur.

HARGRAVE, J., disqualified.

HODGES, J., not participating.

---

11. *In re Foster,* 1980 OK 37, ¶ 9, 611 P.2d 232; *Hardware Mutual Casualty Co. v. Baker,* 1968 OK 135, ¶ 25, 445 P.2d 800; *Starr v. Welch,* 1958 OK 72, ¶ 7, 323 P.2d 349. See also, *City Nat'l Bank & Trust Co. v. Finch,* 1951 OK 314, ¶ 5, 237 P.2d 869 [Certificate of title is not a muniment of title which establishes ownership, but is merely intended to protect against theft and facilitate recovery and aid in enforcement of motor vehicle regulation.].

12. *Shoemake v. Stich,* see note 5, supra; *Berg v. Bryant,* see note 5, supra; *Coker v. Moose,* see note 5, supra; *Waddle v. Stafford,* see note 5, supra.

13. *Berg v. Bryant,* see note 5, supra at ¶ 0; *Coker v. Moose,* see note 5, supra at ¶ 7.

14. *Berg v. Bryant,* see note 5, supra; *Greenland v. Gilliam,* see note 7, supra.